IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MINTAI BEDFORD,                          )
                                         )
            Petitioner,                  )
                                         )
vs.                                      )        Case No. 19-CV-1060-SMY
                                         )
UNITED STATES OF AMERICA,                )
                                         )
            Respondent.                  )

## MEMORANDUM AND ORDER

**YANDLE**, District Judge:

Now pending before the Court is Respondent's Motion for Order Requiring Counsel to Provide Written Response and Extension of Time to File Response (Doc. 8) and Renewed Motion for Order Requiring Counsel to Provide Written Response (Doc. 10). Petitioner has not responded to the Motions.

In his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Petitioner claims his criminal defense attorney, Todd M. Schultz, provided ineffective assistance of counsel during revocation of supervised release proceedings by failing to object to certain evidence. His claims implicate, either directly or indirectly, his communications with his attorney and the advice he rendered. In light of Petitioner's allegations, the Government seeks an affidavit from Schultz regarding his representation of Petitioner that may implicate attorney-client privilege.

"Attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). Here, the Court finds that Petitioner's allegations of ineffective assistance of counsel operate as a waiver of the attorney-client privilege as to matters

relevant to the issues in his § 2255 motion.

Because Respondent filed a response to the § 2255 Motion (Doc. 9), its first Motion (Doc. 8) is **DENIED as MOOT.**  Respondent's second motion (Doc. 10) is **GRANTED**.  Attorney Schultz is authorized to provide an affidavit regarding Petitioner's allegations of ineffective assistance of counsel to Respondent for inclusion in a supplemental response.  Respondent shall file its supplemental response by **October 10, 2020**.  Petitioner will have 30 days from the filing of the supplemental response or until November 10, 2020, whichever is sooner, to file a reply to the response and supplemental response.

**IT IS SO ORDERED.**

**DATED:  September 11, 2020**

**STACI M. YANDLE**
**United States District Judge**